IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR137 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| JESUS BENITEZ-DE LOS SANTOS, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Revised Modified Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 32, 33). The government adopted the PSR, noting that it will move for a third level of acceptance of responsibility (Filing No. 31). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following paragraphs[1] of the PSR:

1. ¶¶ 16, 25 - the Defendant objects to the use of the prior conviction described in ¶ 25 to increase his offense level by 12 levels under U.S.S.G. 2L1.2(b)(1)(B), arguing that the conviction was not for a drug trafficking offense. The objection will be heard at sentencing. The government has the burden of proof by a preponderance of the evidence.

    The Court notes defense counsel's statement that a certified copy of the conviction was not provided. Defense counsel must requests records from the probation officer, and, unless the probation officer wishes to provide copies of the

---

[1] It would be helpful in the future if defense counsel would identify the paragraphs of the PSR to which his objections relate.

records counsel may view the records at the probation office and photocopy them at that office.

2. ¶ 21 - this "tentative" objection relates to acceptance of responsibility, and in light of the government's statement (Filing No. 31) this matter is moot.  The objection is denied.

3. ¶ 27[2] - the PSR reflects a sentence of 6 months for the prior conviction described. Defendant argues that the sentence was "6 months all but 4 days suspended" and, therefore, he should receive only 1, as opposed to 2, criminal history points for this offense.  (Filing No. 33, at 1.)  U.S.S.G. § 4A1.2(b)(2) states that if part of a sentence is suspended, "sentence of imprisonment" refers only to the part that was not suspended.  Therefore, in this case the Defendant argues that he should receive 1, as opposed to 2, criminal history points for this prior conviction.  *See* U.S.S.G. § 4A1.1(b) & (c).  If the Defendant is successful in arguing this objection, his criminal history points would be reduced to 6 and his Criminal History Category would be reduced to III.  The objection will be heard at sentencing, and the Defendant has the burden of proof.

The Defendant also moves for a downward departure to Criminal History Category III in the event that he is unsuccessful in arguing his objection to ¶ 27.  Unless the motion is withdrawn or becomes moot, it will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 16, 25, and 27 will be heard at sentencing;

---

[2]The objection was admittedly filed out of time.  (Filing No. 33.)

2. The Defendant's objection to ¶ 21 is denied as moot;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The Defendant's motion for downward departure (Filing No. 32) will be heard at sentencing, unless it is withdrawn or becomes moot.

DATED this 20th day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge